UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TILE UNLIMITED, INC., individually and as a representative of similarly situated persons, | ) ) ) | Case No. 10 C 8031 |
| Plaintiff, | ) ) | |
| v. | ) ) | District Judge Thomas M. Durkin |
| BLANKE CORP., VIRGINIA TILE, INC., BLANKE GmbH, and INTERPLAST KUNSTSTOFFE, GmbH, | ) ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

For the reasons set out below, plaintiff Tile Unlimited, Inc.'s Motion to Compel Deposition Under the Federal Rules (Pl.'s Mot.) [dkt 162] is denied without prejudice.

## BACKGROUND

Tile Unlimited, Inc. ("Tile") initially brought this putative nationwide class action, which alleges claims arising from the manufacture and sale of tile underlayment, against Virginia Tile, Inc., and Blanke Corp. (Not. Removal, Ex. A., Compl.) [Dkt 1.] Tile subsequently filed an amended complaint naming additional defendants, including Blanke GmbH and Co. KG, which allegedly manufactures and distributes the product, and of which Blanke Corp. is a subsidiary. (Am. Compl ¶¶ 3,5.) [Dkt 73.] Blanke GmbH and Co. KG, a German company, has moved to dismiss for lack

1

of personal jurisdiction. [Dkt 117.][1] The District Judge granted Tile's motion for jurisdictional discovery, and referred the case to this court for discovery supervision. [Dkt 143, 157.] Tile then brought the present motion to compel the deposition of Blanke's president Peter Blanke, who had filed an affidavit in support of Blanke's motion to dismiss. [Dkt 119-1.] Although Blanke notes that Tile has never served a notice for Mr. Blanke's deposition, it has agreed to produce him for deposition in Germany where he lives. (Def.'s Resp. at 3.) [Dkt 170.][2] The dispute on the present motion is how that deposition should proceed.

**DISCUSSION**

Tile asks that the deposition proceed under the Federal Rules of Civil Procedure instead of the Hague Convention on Taking Evidence Abroad, and proceed using internet technology via the service provider Skype, but its motion is vague as to how that would be done. (Pl.'s Mot. at 2.) Tile was ordered to supplement its motion, setting out its proposed procedure for the deposition, the proposed location for the witness with the appropriate technology for recording the deposition, the location of a mutually acceptable interpreter, the location of the court reporter who would administer the oath, the location of Mr. Blanke's counsel and arrangements for other counsel wishing to participate, and who would bear the costs. [Dkt 167.]

Tile filed a supplement, but it, too, lacks specifics. (Pl.'s Suppl. ) [Dkt 168.] Apparently,

---

[1] Because the motion involves the German company Blanke GmbH and Co. KG, rather than its American subsidiary, Blanke Corp., this opinion will use "Blanke" to refer to Blanke GmbH and Co. KG.

[2] Since no notice of deposition has been served, it is not clear whether the proposed deposition is to be of Mr. Blanke personally or as a Rule 30(b)(6) witness for Blanke.

2

Tile suggests that the deposition proceed using a Skype recording application instead of a certified court reporter, and that Mr. Blanke download Skype's free program and be deposed either in his office or at an internet café. Notably, Tile's supplement contains many assertions by counsel about the capabilities of Skype technology, none of which is backed up by any factual material or even an affidavit. (*Id.* at 1-2.) Tile proposes that other counsel also download Skype's program or participate in the deposition via Skype at the office of Tile's counsel. (*Id.* at 2.) It further suggests that "[a]ny interpreter and Notary" participate from Chicago. (*Id.*) Alternatively, Tile proposes using a court reporter present in Tile's Chicago office to give the oath and record the deposition stenographically. (*Id.* at 3.) As a final resort, Tile asks the Court to compel Mr. Blanke's deposition in Chicago in front of a court reporter. (*Id.*)

Blanke opposes Tile's proposal to use Skype and insists that the deposition be taken either under the procedures of the Hague Convention or under the Federal Rules by videoconference or telephone paid by Tile, with a court reporter and interpreter present with Mr. Blanke in Germany. (Def.'s Resp. at 4.) Blanke argues that Tile's proposal gives no assurance that it would produce a reliable and useable deposition transcript. (*Id.* at 7-9.)

As an initial matter, although Blanke invokes the Hague Convention, it does not insist that the Convention be applied here and reasserts its willingness to reach an agreement with Tile about Mr. Blanke's deposition without resort to the Convention's procedures. (*See* Def.'s Opp'n at 1-2, 12.) The Convention does not provide exclusive procedures for obtaining evidence located in a foreign signatory's territory, but rather optional procedures that may be employed when they would facilitate the gathering of evidence. *Sociéte Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. S.D. Iowa*, 482 U.S. 522, 536-46 (1987) (concluding Convention was "intended as a permissive

supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad" and setting out three-prong test for determining its application). "The Federal Rules are the 'normal methods' for federal litigation involving foreign national parties unless the 'optional' or 'supplemental' Convention procedures prove to be conducive to discovery under some circumstances." *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004) (quoting *Aérospatiale*, 428 U.S. at 536). By agreeing to produce Mr. Blanke for deposition under the Federal Rules if a procedure can be worked out, Blanke hopes to avoid a complex analysis about the application of Hague Convention at this juncture.[3]

Resolution of Tile's motion thus begins with the pertinent Federal Rules of Civil Procedure. Rule 30 permits the parties to agree, or the court to order, that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). Here, Blanke does not agree to the Tile's proposed means, so the question is whether the court should order that means notwithstanding Blanke's objection.

Rule 28 provides four methods of taking a deposition in a foreign country for use in a federal case:

>   (A)   under an applicable treaty or convention;
>
>   (B)   under a letter of request . . .
>
>   (C)   on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or
>
>   (D)   before a person commissioned by the court to administer any necessary oath and take testimony.

---

[3] Moreover, another German defendant, Interplast Kunststoffe GmBH, who has not joined in the current motion, has orally asked to brief whether the Convention generally applies before any such decision is made. [*See* dkt 166.]

Fed. R. Civ. P. 28(b)(1). Unless the parties stipulate, the deposition must be conducted before an officer appointed or designated under Rule 28. Fed. R. Civ. P. 30(b)(5)(A). At the conclusion of the deposition, the officer must certify in writing that the witness was sworn and deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f).

Tile does not propose that any officer be present in Germany with Mr. Blanke to administer the oath or to record the deposition.[4] Instead, Tile proposes that if a court reporter "or notary" is present at all, he or she would be in Chicago. Rule 28(b)(1), subsections (C) and (D), quoted above, however, use the phrase "before a person," indicating a requirement that the deponent and the person who administers the oath be in the same place. *Menovcik v. BASF Corp.*, No. 09-12096, 2010 WL 4867408 at *4-5 (E.D. Mich. Nov. 23, 2010) (denying motion to permit videoconference deposition of nonparty witness in Thailand without arrangement for a person to be with deponent to administer oath); *Advani Enters. v. Underwriters at Lloyds*, No. 95 Civ 4864, 2000 WL 1568255 at *2-3 (S.D.N.Y. Oct. 19, 2000) (permitting telephonic depositions of witnesses in Egypt so long as deposing party complies with Rule 28(b) including "necessarily a means by which to place the deponents under oath by a person located in Egypt"); *see also Aquino v. Auto. Serv. Indus. Ass'n*, 93 F. Supp. 2d 922, 923-24 (N.D. Ill. 2000) (finding procedurally defective and inadmissible telephonic depositions where court reporter swore each out of state witness over the phone). Rule 30, governing the taking of depositions by oral examination echoes that requirement, specifying that when a deposition is taken by remote means, the deposition "takes place where the deponent answers

---

[4] Tile states, "In fact, in Germany, swearing in witnesses is illegal in Germany [sic]." (Pl.'s Reply at 3.) [Dkt 171.] Tile cites no authority for that proposition, but refers only to a U.S. State Department Foreign Affairs Manual. (*Id.*)

the questions." Fed. R. Civ. P. 30(b)(4).[5]

The requirements of Rule 28(b) mitigate concerns over the accuracy and identity of deponents and documents inherent in foreign depositions. *See Advani Enters.*, 2000 WL 1568255 at *2. Tile has not demonstrated that there is authority or justification to dispense with the requirement of an appropriate officer present personally to administer the oath to Mr. Blanke in Germany.[6]

Then there is Tile's proposal that the deposition be recorded by a Skype recording application or with a court reporter in Chicago listening to a Skype transmission. The courts encourage parties to use technology to save costs when feasible. *See, e.g., Guillen v. Bank of America Corp.*, No. 10-05825, 2011 WL 3939690 (N.D. Calif. Aug. 31, 2011) (stating cost-savings good cause under Rule 30(b)(4) to justify deposing out of state witnesses by videoconferencing). But it must be without sacrificing the purposes for which a deposition is taken, including the accurate recording of sworn testimony for use in the court. Regardless of how the deposition is recorded, it will almost certainly have to be transcribed if it is to be used as evidence in a hearing or trial, or as here, in connection

---

[5] By its terms, the definition in Rule 30(b)(4) applies "for purposes of this rule and Rules 28(a) [depositions in the U.S.], 37(a)(2) [motions to compel], and 37(b)(1) [sanctions in district where deposition is taken]." As the court noted in *Menovcik*, however, courts may also apply this understanding to the taking of foreign depositions. *Menovcik*, 2010 WL 4867408 at *5.

[6] The parties also dispute whether Tile must provide an interpreter to be present with Mr. Blanke. Tile argues that Mr. Blanke's English is sufficient, although it indicates that an interpreter "can . . . follow the deposition in Chicago." (Pl.'s Suppl. at 2.) Blanke, on the other hand, insists that a translator is required, and that Tile should bear the associated cost. (Def.'s Resp. at 11-12.) As the party seeking the deposition, it would seem in Tile's interest to arrange for a translator to be present with Mr. Blanke to avoid any future disputes about the use of the testimony. But the parties have not presented the court with relevant authority to make a ruling on this issue as a matter of law in the absence of an agreement. Because the motion is being denied without prejudice, the court directs the parties to confer again on this issue, and if no agreement can be reached, to include it in any future motion, along with legal authority supporting their respective positions.

with Blanke's motion to dismiss. Although Rule 30(b)(3) enables parties to record deposition testimony by nonstenographic means, Rule 32 requires that unless ordered otherwise, a party must provide a transcript of any deposition testimony the party offers at a hearing or trial. Fed. R. Civ. P. 32(c). The quality of the transmission and recording must be adequate to provide proper transcription either contemporaneously or later.

Tile has provided no factual material about the proposed Skype recording application, including evidence about its reliability, quality and whether its use has been approved by any court for evidentiary purposes.[7] Furthermore, whether a deposition transmitted and recorded by a Skype application would be permissible if agreed by the parties is a different question from the one posed by the Tile's present motion. The court can find no authority in the Federal Rules to compel a foreign citizen to download a particular software application in order to be deposed remotely from his office, much less in a public internet café.[8]

From this it is apparent that Tile's motion does not seek to compel a deposition under the Federal Rules because its proposal does not comply with the requirements of the Federal Rules. Accordingly, the motion is denied.

Tile's alternative motion to compel Mr. Blanke to travel to Chicago for a deposition is also denied. Its only cited authority, *Abram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358 (7th Cir. 1985), *abrogated in part on other grounds, Salve Regina College v. Russell*, 499 U.S. 255

---

[7] Unsupported statements by counsel in briefs, like Tile's claims about Skype, are merely counsel's arguments, not factual materials sufficient to support a motion. *U.S. v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012).

[8] Note that Tile must bear the cost of any recording. *See* Fed. R. Civ. P. 30(b)(3)(A) (party noticing a deposition bears the recording costs).

(1991), does not support compelling a German citizen who is president of a German company to travel to Chicago to give testimony in a case in which jurisdiction over the German company has not yet been established. In *Abram*, the Seventh Circuit found only that, given a detailed weighing of the unique circumstances, the district court had properly compelled a Greek defendant for whom personal jurisdiction had been established to submit to a Rule 30(b)(6) deposition either in the forum state or the state where the defendant had an office. *Abram*, 772 F.3d at 1364-66.

The parties are cautioned that the interplay between the Federal Rules of Civil Procedure, German law and the Hague Convention is significantly more complex than the briefing on the present motion would suggest. *See generally, e.g., In re Vitamin Antitrust Litig.*, No. 99-197, TFH, MDL No. 1285, 2001 WL 35814436 at *7-9 (D.D.C. Sept. 11, 2001). Given that Blanke remains willing to negotiate with Tile on this issue, it appears to be in the parties' best interests to reach an agreement regarding the taking of Mr. Blanke's deposition. If an agreement cannot be reached, Tile may renew its motion to the extent it seeks a deposition via remote means, but it must propose a procedure that complies with the requirements of Rules 28(b) and 30 and support its motion with adequate factual material, not just counsel's assertions. Tile is reminded that in order to proceed under the Federal Rules of Civil Procedure it must also comply with them.

## CONCLUSION

For the foregoing reasons, Tile Unlimited, Inc's Motion to Compel Deposition under Federal Rules is denied without prejudice. A status hearing is set for April 24, 2013 at 9:45 a.m. The parties

have advised the court that the only remaining jurisdictional discovery is Mr. Blanke's proposed deposition. If that is to be taken, it must be concluded promptly.

**IT IS SO ORDERED.**

                                                              _____
                                                              **Geraldine Soat Brown**
                                                              **United States Magistrate Judge**

**Dated: April 17, 2013**