UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TILE UNLIMITED, INC., individually and as a representative of similarly situated persons,<br>    Plaintiff,<br>v.<br>BLANKE CORP., VIRGINIA TILE, INC., BLANKE GmbH, and INTERPLAST KUNSTSTOFFE, GmbH,<br>    Defendants. | Case No. 10 C 8031<br><br>District Judge Thomas M. Durkin<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

For the following reasons, defendant Interplast Kunstoffe GmbH's motion for a protective order (Interplast Mot.) [dkt 184] is granted, and defendant Blanke GmbH and Co. KG's motion for a protective order and sanctions (Blanke Mot.) [Dkt 185] is granted with respect to the protective order. Plaintiff Tile Unlimited, Inc. is given until June 27, 2013 to respond to Blanke's request for expenses pursuant to Fed. R. Civ. P. 37(a)(5) and sanctions pursuant to 28 U.S.C. § 1927.

### Background

Tile Unlimited, Inc. ("Tile") initially brought this putative nationwide class action, which alleges claims arising from the manufacture and sale of tile underlayment, against Virginia Tile, Inc., and Blanke Corp. (Not. Removal, Ex. A., Compl.) [Dkt 1.] Tile subsequently filed an amended complaint naming additional German corporate defendants, including Blanke GmbH and Co. KG,

1

("Blanke") which allegedly manufactures and distributes the product, and Interplast Kunstoffe GmbH ("Interplast") which allegedly manufactures the product for Blanke. (Am. Compl ¶¶ 3-5.) [Dkt 73.][1] Blanke and Interplast have moved to dismiss for lack of personal jurisdiction. [Dkt 91, 117.] The District Judge granted Tile's motion for jurisdictional discovery, and referred the case to this court for discovery supervision. [Dkt 143, 157, 158.] Tile then moved to compel the deposition of Blanke's president Peter Blanke via the internet using Skype or alternatively by compelling Mr. Blanke to appear in Chicago. [Dkt 162.] Tile's motion was denied without prejudice because Tile failed to include arrangements for any officer to be present in Germany to swear in Mr. Blanke pursuant to Fed. R. Civ. P. 28(b) and failed to provide any information supporting the reliability of Skype as a means of taking testimony. (*See* Mem. Op. and Order, Apr. 17, 2013 at 5-7.) [Dkt 174.] Tile's alternative motion to compel Mr. Blanke to travel to Chicago was also denied because Tile did not provide support to compel "a German citizen who is president of a German company to travel to Chicago to give testimony in a case in which jurisdiction over the German company has not yet been established." (*Id.* at 8.)

Tile now has served Blanke and Interplast with notices of deposition pursuant to Fed. R. Civ. P. 30(b)(6) that order the companies each to produce a corporate representative in Chicago. (Blanke Mot., Ex A; Inteplast Mot., Ex. A.) Blanke and Interplast have both moved for a protective order from the burden of sending a corporate representative from Germany to Chicago.

---

[1] Because the motion involves the German company Blanke GmbH and Co. KG, rather than its American subsidiary, Blanke Corp., this opinion will use "Blanke" to refer to Blanke GmbH and Co. KG.

**Discussion**

"American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Sociéte Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. S.D. Iowa*, 482 U.S. 522, 546 (1987). Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." There is a presumption that the deposition of a corporation should be taken at its principal place of business, especially when the corporation is a defendant. *New Medium Techs. LLC, v. Barco N.V.*, 242 F.R.D. 460, 465-66 (N.D. Ill. 2007); *see also Magnus Elects., Inc. v. Masco Corp. of Ind.*, 871 F.2d 626, 630 (7th Cir. 1989). "Indeed, insofar as a foreign defendant may be more inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger." *In re Outsidewall Tire Litg.*, 267 F.R.D. 466, 471 (E.D. Va. 2010). "When a corporation objects to a deposition being taken at a place other than its principal place of business, 'the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.'" *Chris-Craft Indus. Prods., Inc., v. Kuraray Co., Ltd.,* 184 F.R.D. 605, 607 (N.D. Ill. 1999) (quoting *Sears v. Am. Enter. Grp., Inc.*, No. 94 C 0165, 1995 WL 66411 (N.D. Ill., Feb. 13, 1995).

At the hearing on the motions, Tile was ordered to identify any authority that supports compelling a "Rule 30(b)(6) deposition of a foreign corporation contesting jurisdiction in Chicago." [Dkt 189.] Tile points to *Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58 (N.D. Ill. 1998), wherein the court affirmed the magistrate judge's order that a Canadian company produce corporate officers

3

in Chicago even though company's principal place of business was in Toronto. (Pl.'s Resp. at 4-5.) [Dkt 190.] Tile asserts that the Canadian company was contesting jurisdiction, but that is not clear from the opinion, and in fact seems unlikely as it appears that Canadian company had both a sales distributor and a repair depot in Illinois. *Kasper*, 120 F.R.D. at 59. There is no evidence that either Blanke or Interplast has an office or facilities in Illinois.

The only case that Tile cites (albeit in a footnote) dealing with a deposition in Chicago of a foreign corporation clearly contesting jurisdiction is *P.H. Intl. Trad. Co.*, *v. Christia Confezioni S.p.A.*, No. 04 C 903, 2004 WL 2538299 (N.D. Ill. Sept. 24, 2004). There, the court held that "the interests of judicial economy favor[ed]" taking the deposition of the representatives of an Italian company via video conference at the plaintiff's expense, or if the video conference were not technologically possible the deposition would take place in Chicago rather than Italy. *Id.* at *2.[2]

Here, however, while Blanke did object to using Skype for a deposition, it is amenable to a deposition by conventional videoconference or telephone conference provided that Tile pays the costs of the video or telephone conference, a court reporter and a translator. (Blanke Reply at 5.) [Dkt 191.] According to Interplast, Tile never discussed the viability of a video conference deposition with Interplast. (Interplast Reply at 4.) [Dkt 192.] Apparently that option remains open although the window for jurisdictional discovery is closing quickly.

Tile also states that taking a "U.S. style" deposition in Germany with all attorneys present in Germany is illegal. (Pl.'s Resp. at 8.) There, however, appears to be a process for legally taking

---

[2] Tile also cites *Haynes v. Kleinwefers*, 119 F.R.D. 335 (1988), where the court granted the third party defendant's motion to take defendant Kleinwafers' deposition in Germany or New York at the expense of the third party defendant. Tile has made no offer to pay either of defendants' expenses here.

4

U.S.-style depositions in Germany with some requirements and arrangements. (*See* Interplast Mot., Ex. B, *Depositions at the U.S. Consulate General Frankfurt Am Main, Germany* (Sept. 2011) or http://photos.state.gov/libraries/frankfurt/9318/deposition/2011depositioninformationsept.pdf (last visited June 4, 2013).

In sum, there are no circumstances here that justify ordering either German defendant to send a corporate representative to be deposed in Chicago when personal jurisdiction in Illinois is contested. Accordingly, Interplast's and Blanke's motions for a protective order are granted.[3]

**Conclusion**

For the reasons stated above, Interplast's motion for a protective order [dkt 184] is granted, and Blanke's motion for a protective order and sanctions [dkt 185] is granted with respect to the protective order. Tile is given until June 27, 2013 to respond to Blanke's request for expenses pursuant to Fed. R. Civ. P. 37(a)(5) and sanctions pursuant to 28 U.S.C. § 1927. Status hearing remains set for June 13, 2013 at 9:30 a.m.

_____
**Geraldine Soat Brown**
**United States Magistrate Judge**

**DATE: June 5, 2013**

---

[3] Because defendants' motions are granted, the court will not address defendants' additional concerns regarding the scope of the deposition and payments for any interpreter. (*See* Interplast Mot. at 5-6; Blanke Mot. at 8-10.)