UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TILE UNLIMITED, INC., individually and as a representative of similarly situated persons, | )<br>)<br>) Case No. 10 C 8031 |
| Plaintiff, | )<br>) |
| v. | ) District Judge Thomas M. Durkin<br>)<br>) Magistrate Judge Geraldine Soat Brown |
| BLANKE CORP., VIRGINIA TILE, INC., BLANKE GmbH, and INTERPLAST KUNSTSTOFFE, GmbH, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

After the District Judge referred this case to this court for discovery supervision [dkt 157, 158], defendant Blanke GmbH and Co. KG ("Blanke Germany") moved for a protective order and sanctions. (Blanke Mot.) [Dkt 185.][1] This court granted the motion with respect to the protective order and directed plaintiff Tile Unlimited, Inc. ("Tile") to respond to the sanctions request. (Order, June 5, 2013.) [Dkt 194.] Tile has filed its response (Pl.'s Resp.) [dkt 222], and Blanke Germany has filed a reply (Blanke Reply) [dkt 224]. For the reasons below, the court denies Blanke Germany's motion for sanctions without prejudice to a renewed motion if it later becomes clear that

---

[1] Blanke GmbH and Co. KG reports that it has been incorrectly sued as Blanke GmbH, the name listed on the court's docket. (Blanke Mot. at 1.)

1

Tile or its counsel is engaging in a pattern of disregarding discovery rules or failing to comply with court orders in this case.

**Background**

Tile initiated this lawsuit against Virginia Tile, Inc., and Blanke Corp. (an American corporation) as a putative class action, alleging claims arising from the manufacture and sale of tile underlayment. (Not. Removal, Ex. A., Compl.) [Dkt 1.] Tile later amended the complaint to name German corporate defendants, including Blanke Germany, which allegedly manufactures and distributes the underlayment at issue. (Am. Compl. ¶¶ 3-5.) [Dkt 73.] After Blanke Germany moved to dismiss for lack of personal jurisdiction [dkt 117], the District Judge granted Tile's motion for jurisdictional discovery and referred the case to this court for discovery supervision. [Dkt 143, 157, 158.]

Tile then moved to compel the deposition of Blanke Germany's president, Peter Blanke, in Germany using the video-conferencing software Skype. (Pl.'s Suppl. Mot. Compel.) [Dkt 168.] Tile suggested that, if Mr. Blanke did not have the microphone or camera required to use Skype, he could "buy them or go to an Internet café." (*Id.* at 2.) Alternatively, Tile requested that Mr. Blanke be ordered to come to Chicago to be deposed. (*Id.* at 3.)

On April 17, 2013, Tile's motion was denied without prejudice. (Order, Apr. 17, 2013 at 5-7.) [Dkt 174.] The court explained that Tile failed to submit any plan for someone to be present in Germany to administer an oath to Mr. Blanke as required by Fed. R. Civ. P. 28(b). (*Id.* at 5-6.) The court also noted that Tile's assertion that "'swearing in witnesses is illegal in Germany'" was not supported by any citation to authority. (*Id.* at 5 n. 4, quoting Pl.'s Reply Mot. Compel at 3. [Dkt

2

171].) Further, Tile's counsel failed provide factual material, aside from his own assertions, to support the reliability of Skype as a means of taking deposition testimony, even after the court gave him an opportunity to file a supplement to defend Skype's reliability. (Order, Apr. 17, 2013, at 6-7.) The court also denied Tile's alternative request to take the deposition in Chicago, explaining that Tile had not provided any authority supporting compelling "a German citizen who is president of a German company to travel to Chicago to give testimony in a case in which jurisdiction over the German company has not yet been established." (*Id.* at 8.) The court urged the parties to reach an agreement about the means for taking Mr. Blanke's deposition, noting that Blanke Germany remained willing to negotiate the matter. (*Id.*)

Notwithstanding that order, on May 7, 2013, three weeks after the court issued its ruling, Tile served Blanke Germany's counsel with a notice of deposition ordering the production of a Blanke Germany representative in Chicago. (Blanke Mot., Ex. 1.) Blanke Germany then filed a motion for a protective order to prevent the Chicago deposition of Mr. Blanke, which it coupled with the present motion for an award of sanctions and expenses. (Blanke Mot. at 4-5.) Blanke Germany asserted that Tile "reject[ed]" the court's April 2013 order by noticing the deposition and that, despite the order, Title had "at no time" sought to "modify its position that the deposition must proceed, either in Chicago or by Skype without a court reporter or translator in Germany with the witness." (*Id.* at 5.)

Noting the presumption that a corporation be deposed at its principal place of business, this court granted Blanke Germany's motion because Tile still had not provided authority for the court to order a German corporation to send a corporate representative to Chicago when personal jurisdiction in Illinois is contested. (Order, June 5, 2013, at 5.) [Dkt 194.] The court observed that Tile had been ordered at a hearing on the motion to identify any supporting authority for its position

3

and had cited only one decision addressing deposition in Chicago of a foreign corporation contesting jurisdiction, *P.H. Intl. Trad. Co., v. Christia Confezioni S.p.A.*, No. 04 C 903, 2004 WL 2538299 at *2 (N.D. Ill. Sept. 24, 2004). In that decision, the court "strongly recommend[ed]" that the parties take the deposition of an Italian company's representative by videoconference at plaintiff's expense, but held that the deposition could take place in Chicago if video conferencing was not technologically possible. (Order, June 5, 2013, at 5.) In contrast, in this case, "while Blanke did object to using Skype for a deposition, it is amenable to a deposition by conventional videoconference or telephone conference provided that Tile pays the costs of the video or telephone conference, a court reporter and a translator." (*Id.* at 4.) Tile was given time (which was later extended) to respond to Blanke Germany's requests for expenses under Fed. R. Civ. P. 37(a)(5) and for sanctions under 28 U.S.C. § 1927. (*Id.* at 5.)[2]

In the meantime, the parties appeared before the District Judge who encouraged them to work out the deposition by agreement. (Hr'g, July 12, 2013, at 10-11.) [Dkt 201.] The parties then returned to this court to work out the details of an agreed deposition by telephone. (*See* Pl's Mot. Entry Order [dkt 202]; Order, July 25, 2013 [dkt 209].) The parties completed Mr. Blanke's deposition in August 2013. (Pl.'s Resp. at 7; Blanke Reply at 2 n. 2.) Blanke Germany's request for expenses and sanctions against Tile remains pending before this court.

---

[2] Tile also named Interplast Kunstoffe GmbH ("Interplast") as an additional defendant. (Am. Compl ¶ 4.) Like Blanke, Interplast successfully moved for a protective order against sending a corporate representative to Chicago. (Order, June 5, 2013, at 2-5.) Unlike Blanke, however, Interplast's motion for a protective order did not request sanctions. (Interplast Mot.) [Dkt 184.]

**Discussion**

    I.    <u>Expenses under Rule 37(a)(5)(a)</u>

When a motion for a protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see* Fed. R. Civ. P. 26(c)(3) (applying Rule 37(a)(5)(A) to protective orders). Expenses will not be awarded, however, if the movant did not first try to resolve the dispute without court action, the opposing party's actions were "substantially justified," or the award would be unjust. Fed. R. Civ. P. 37(a)(5)(A).

As an initial matter, Tile contests the jurisdiction of the magistrate judge to impose expenses. (Pl.'s Resp. at 6.) As this court recently noted, the Seventh Circuit has not squarely addressed whether a magistrate judge may award expenses under Rule 37(a)(5). *Cardenas v. Grozdic*, No. 12 C 292, 2013 WL 4080652 at *3 n. 2 (N.D. Ill. Aug. 13, 2013). It is not necessary, however, to reach that point because the court determines that, notwithstanding Tile's inappropriate conduct, expenses should not be granted at this time.

Turning to the merits, Tile argues that sanctions should not be imposed because it had a "good faith basis" to seek to compel Mr. Blanke's deposition, either in Chicago or by Skype. (Pl.'s Resp. at 3.) Tile also suggests that the court wrongly decided that compelling Mr. Blanke's deposition in Chciago would be outside its powers. (*Id.* at 3-4.) Tile's argument misconstrues the court's earlier ruling, which recognized that a corporation may be required to be deposed in a place other than its principal place of business if "'there are unusual circumstances which justify such an inconvenience to the corporation.'" (Order, June 5, 2013, at 3, quoting *Chris-Craft Indus. Prods.,*

*Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)). Tile simply did not justify ordering Mr. Blanke to be deposed in Chicago, even after being warned about the court's concerns in the April 2013 order.

Tile also tries to defend its position about using Skype to depose Mr. Blanke by arguing that the court could have taken judicial notice of Skype's capabilities. (Pl.'s Resp. at 3 n. 1.) This argument, however, ignores the court's other concerns about the difficulty of administering the oath to Mr. Blanke in Germany and Tile's failure to submit information about the propriety of using Skype in court proceedings. (Order, Apr. 17, 2013, at 5-7.)

In any event, even if Tile initially moved to compel the deposition in good faith, it has not given a good reason for its failure to comply with the court's instructions in the April 2013 order. In that order, the court explained that, if the parties could not reach an agreement about the deposition, Tile could "renew its motion to the extent it seeks a deposition via remote means, but it must propose a procedure that complies with the requirements of Rule 28(b) and 30 and support its motion with adequate factual material, not just counsel's assertions." (Order, Apr. 17, 2013, at 8.) Three weeks later, however, without trying to justify the Chicago deposition to the court in a renewed motion or to obtain agreement about the deposition from Blanke, Tile served Blanke Germany with a notice of deposition commanding it to produce a deponent in Chicago who could testify about the allegations in Mr. Blanke's affidavit. (Blanke's Mot., Ex. 1.) This act of ignoring the order's instructions was not substantially justified. Although Tile's motion was denied without prejudice, the order made clear that Tile could not compel the deposition of a Blanke representative in Chicago without further supporting authority. Tile's actions put it at risk of sanctions under Rule

37(a)(5)(A) in form of Burke's expenses incurred in bringing its successful motion for a protective order.  S*ee Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir. 1994).

The court is not persuaded, however, that an award of expenses is appropriate at this time. Despite being filed in late 2010, this case is still at a relatively early stage.  The deposition at issue is part of Tile's jurisdictional discovery in response to Blanke Germany's motion to dismiss, and the District Judge has yet to issue a final ruling on that motion.  Whether Blanke Germany remains in the case or not, there is still a long road ahead.  Awarding expenses at this relatively early point in the litigation is likely to increase animosity and inhibit the cooperation among counsel that is essential to facilitate the merits discovery ahead.

Therefore, the court concludes, as it has in comparable situations in other cases, that the best exercise of discretion at this time is to deny Blanke Germany's motion for expenses under Rule 37(a)(5)(A) without prejudice to any defendant renewing the motion if Tile's actions develop into a pattern of disregarding discovery rules and orders.  If that is the case, the court may look back to the conduct at issue in the present motion and award all of the expenses incurred as a result of that pattern, including the expenses now sought. *See Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 191 (7th Cir. 2011) (upholding sanctions when litigants made repeated discovery missteps); *e360 Insight, Inc. v. Spamhaus Project,* 658 F.3d 637, 643 (7th Cir. 2011) (explaining in upholding sanctions that the court "weigh[s] not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit").

II.     Sanctions under 28 U.S.C. § 1927

Blanke Germany additionally requests sanctions under 28 U.S.C. § 1927, which provides for sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The statute is intended "to deter frivolous litigation and abusive practices by attorneys and ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (citations omitted); *accord Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 472 (7th Cir. 2011). Tile's counsel prolonged these proceedings by not conceding earlier to take Mr. Blanke's deposition by telephone or video conference and by not complying with the order denying the motion to compel. The court is not persuaded, however, that Tile's counsel exhibited the type of abusive, bad-faith practices contemplated by § 1927, which "sets a higher standard for sanctions than" Rule 37(a)(5). *See United Stars Indus., Inc. v. Plastech Engineered Prods., Inc.,* 525 F.3d 605, 610 (7th Cir. 2008); *see also Micrometl Corp.*, 656 F.3d at 472 (upholding denial of sanctions when court found party did not litigate in bad faith). Accordingly, as with Rule 37(a) sanctions, the court declines to impose sanctions on Tile's counsel at this time but rather denies the motion without prejudice to Blanke raising the issue later if Tile's counsel continues to act unreasonably.

Finally, the court acknowledges Tile's contention that Mr. Blanke engaged in misconduct because of alleged conflicts between his deposition testimony and his earlier affidavit. (Pl.'s Resp. at 7.) The court will not address this issue at this time and expresses no opinion regarding the alleged misconduct because the issue is irrelevant to the motion for sanctions based on the noticing of Mr. Blanke's deposition.

**Conclusion**

For the foregoing reasons, Blanke Germany's request for sanctions against Tile and its counsel is denied without prejudice to any defendant renewing the motion if Tile's actions develop into a pattern of disregarding discovery rules and orders.

_____
Geraldine Soat Brown
United States Magistrate Judge

DATE: January 23, 2014